J-S27009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO JUAN GONZALEZ | : | |
| | : | |
| Appellant | : | No. 493 WDA 2021 |

Appeal from the PCRA Order Entered April 8, 2021
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0002188-2019

BEFORE:     OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED: DECEMBER 30, 2021**

Appellant, Antonio Juan Gonzalez, appeals from the order entered on April 8, 2021, which denied his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant's underlying charges stemmed from the October 24, 2019 death of his 14-year-old son (hereinafter, "victim").  PCRA Court Opinion, 6/10/21, at 2.  After receiving a 911 call, emergency medical technicians and Pennsylvania State Police officers arrived at Appellant's residence and pronounced the victim dead at the scene.  *Id.* at 2.  Evidence collected at the scene demonstrated that the victim "had been severely beaten and starved by Appellant" prior to his death.  *Id.*

_____

[*] Retired Senior Judge assigned to the Superior Court.

On April 24, 2020, Appellant pleaded guilty to one count of first-degree murder.[1]  In exchange for his plea, the Commonwealth agreed to (1) forgo the death penalty and *nolle prosse* the balance of Appellant's charges; (2) refrain from charging Richard Jackson (a friend of Appellant) for any homicide or drug-related offenses; and (3) allow Appellant to possess his daughter's photograph and communicate with her.  ***See*** N.T. Guilty Plea Hearing, 4/24/21, at 2-3 and 8-10.  Appellant agreed to cooperate with the Commonwealth in its prosecution against co-defendant and roommate Paul Bacorn.  ***Id.*** at 3 and 10.

As part of the guilty plea process, the Commonwealth and Appellant's trial counsel, Autumn L. Johnson, Esquire and Robert H. Hartley, Esquire (hereinafter, collectively, "trial counsel") of the Public Defender's Office, drafted a factual colloquy consisting of 47 factual statements to establish the basis for the guilty plea.  ***Id.*** at 11-13.  At the plea hearing, Appellant confirmed that he initialed each factual statement to signify that he reviewed, understood, and agreed with each declaration; Appellant also signed the last page of the factual colloquy.  ***Id.*** at 13.  The trial court conducted an extensive on-the-record colloquy which included, *inter alia*, Appellant's confirmation that he discussed all matters with trial counsel, was satisfied with trial counsel's services, initialed and signed the factual colloquy of his own free will,

_____

[1] 18 Pa.C.S.A. § 2502(a).

understood the nature of the charges and the plea proceeding, wished to enter his plea of guilty, and was not promised anything for, or coerced into, entering his plea. *Id.* at 14-15. After verifying trial counsel's belief that Appellant understood the oral and written colloquies and the consequences of his guilty plea, the trial court accepted Appellant's plea as voluntary, knowing, and intelligent and imposed the mandatory sentence of life imprisonment without the possibility of parole. *Id.* at 15-16, and 39. Appellant did not file a post-sentence motion or notice of appeal.

Rather, Appellant filed a *pro se* PCRA petition on July 3, 2020. In it, Appellant averred that his guilty plea was unlawfully induced, that the Commonwealth violated his constitutional rights, and that he received ineffective assistance of counsel. *Pro Se* PCRA Petition, 7/3/20, at 3. More specifically, Appellant's petition for collateral relief rested on the following factual allegations:

> Ineffective [a]ssistance of [counsel]: My public defenders refused to obtain critical medical evidence to my defense. I was informed by my public defenders that the [District Attorney] was going to start arresting people from my cell phone as "accessory after the fact" unless I signed a [colloquy] admitting guilt. I am illiterate of legal jargon and new to the process of [the Pennsylvania] legal system. Also, I only saw [a] portion of my discovery packet.

*Id.* at 5. Appellant appended no exhibits to his petition. The PCRA court appointed PCRA counsel, who elected not to file an amended petition.

The PCRA court held an evidentiary hearing on April 8, 2021, where Appellant, Attorney Johnson, and Attorney Hartley testified. At the conclusion

of testimony and argument, the PCRA court found that Appellant failed to meet his burden and denied Appellant's PCRA petition. PCRA Court Opinion, 6/10/21, at 2. This timely appeal followed.[2]

Appellant raises two issues on appeal:

1. Whether [Appellant's] trial counsel [were] ineffective where trial counsel failed to allow [Appellant] the opportunity to personally review the discovery in this case in full?

2. Whether [Appellant's] guilty plea was unlawfully induced where [Appellant] testified that, due to the actions and/or inactions of his trial counsel, he felt that he had no choice other than to enter a guilty plea as proposed by trial counsel?

Appellant's Brief at 4.

Our standard of review for challenges to the denial and dismissal of petitions filed pursuant to the PCRA is well-settled.

We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

---

[2] Appellant filed a timely notice of appeal on April 16, 2021. Pursuant to Pa.R.A.P. 1925(b), on April 16, 2021, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, which Appellant timely filed on April 23, 2021. The PCRA court issued its 1925(a) opinion on June 10, 2021.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 240 (Pa. Super. 2002) (citation omitted). Rather, we reverse only where the PCRA court's legal conclusions are erroneous or where there is no support for the findings in the certified record. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014).

Appellant argues in his first issue on appeal that trial counsel was ineffective. Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[ ] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate [the appellant's] interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted). As this Court explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the

arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted).

Here, Appellant argues that trial counsel was ineffective for failing to allow him "the opportunity to personally review the discovery in [his] case in full[.]" Appellant's Brief at 4. He alleges that he suffered prejudice because he was unable to assist in the preparation of his defense and consequently felt he had no choice but to "concede to trial counsel's demands that he enter a guilty plea." *Id.* at 15.

Appellant's underlying claim lacks arguable merit. First, Appellant failed to cite authority, nor can we find any, to support his contention that a defendant must personally review all discovery in his case. In contrast, the Pennsylvania Rules of Criminal Procedure only require disclosure to defense counsel, subject to limitations. *See* Pa.R.Crim.P. 573(B)(1) ("on request by the defendant, and **subject to any protective order** … the Commonwealth

shall disclose **to the defendant's attorney** all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit **the defendant's attorney** to inspect and copy or photograph such items.") (emphasis added). Second, the PCRA court credited the testimony of trial counsel that they fully reviewed the contents of discovery with Appellant at great length and detail and left discovery with counselors at Mercer County Jail for Appellant's review. PCRA Court Opinion, 6/10/21, at 5. Third, to the extent Appellant argues that trial counsel denied Appellant an opportunity to review certain discovery materials (*i.e.*, the victim's medical records and records obtained from Children and Youth Services), the testimony credited by the PCRA court showed that all of the requested items were included within the discovery reviewed with Appellant and contained information unfavorable to him. ***See*** N.T. PCRA Hearing, 4/8/21, at 40 and 50. Therefore, Appellant's claim that trial counsel "failed to allow him the opportunity to review" discovery lacks arguable merit.

Furthermore, Appellant failed to establish prejudice. Appellant baldly asserts that he was prejudiced because he was unable to assist in the preparation of his defense. Appellant's Brief at 13. Appellant's own testimony belies his contention, however, as he explained that he utilized the jail's law library to research his charges and presented a written summary of his findings to trial counsel. N.T. PCRA Hearing, 4/8/21, at 12. Moreover, "Appellant failed to point to any materials in discovery, the knowledge of which

would have caused him to refrain from entering his plea" within his petition or testimony. PCRA Court Opinion, 6/10/21, at 7. Consequently, Appellant failed to demonstrate a reasonable probability that he would have pleaded not guilty if he personally reviewed the discovery materials in full. *Stewart*, *supra*. Appellant is not entitled to relief on this issue.

In his second issue, Appellant argues that trial counsel's actions or inactions unlawfully induced his guilty plea. Appellant's Brief at 4. To sustain his burden of proof, Appellant must plead and prove his assertions before the PCRA court. *See Commonwealth v. Rivers*, 786 A.2d 923, 927 (Pa. 2001); 42 Pa.C.S.A. § 9543(a) (a PCRA petitioner "must plead and prove by a preponderance of the evidence" his or her eligibility for collateral relief). Appellant raises arguments on appeal that differ from those set forth within his *pro se* petition. Thus, Appellant fails to demonstrate where he pleaded the claims he now raises with this Court. *See* Pa.R.A.P. 2119(e) (requiring appellants to cite where issues were raised or preserved). Within his petition, Appellant alleged he was entitled to collateral relief because trial counsel refused to obtain or disclose medical records, threatened to use evidence retrieved from Appellant's cellular telephone to prosecute others if Appellant did not plead guilty, and offered Appellant only limited review of discovery. *See Pro Se* PCRA Petition, 7/3/20, at 5. On appeal, Appellant argues that, "[t]rial counsel essentially advised [Appellant] that they didn't believe him, refused to provide [Appellant] with requested discovery, and solely focused

on [Appellant's entry of] a guilty plea after March 26, 2020." Appellant's Brief at 19. The only issue Appellant properly preserved before the PCRA court is whether his guilty plea was unlawfully induced by trial counsel's failure to ensure his opportunity to review discovery materials in full. We have previously rejected the merits of this claim. Because Appellant did not raise and preserve his alternate claims before the PCRA court, we find his other arguments to be waived.[3] **See** Pa.R.A.P. 302(a) ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

As explained above, Appellant's arguments involving discovery are unavailing. Consequently, his claim that trial counsel's failure review such discovery unlawfully induced Appellant's guilty plea is similarly meritless. Therefore, Appellant is not entitled to relief.

Order affirmed. Jurisdiction relinquished.

---

[3] Moreover, the PCRA court credited testimony establishing that Appellant was "heavily involved in the finalization of the factual colloquy," including suggesting changes to be incorporated before he agreed to initial and sign the draft. **See** PCRA Court Opinion, 6/10/21, at 8. Trial counsel continually explained to Appellant that he had an absolute right to trial and "ultimately, the decision to proceed to trial was Appellant's to make." **Id.**

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2021